IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| RIP GRIFFIN TRUCK SERVICE CENTER, INC. | PLAINTIFF and COUNTER DEFENDANT |
| VS. Case No. 03-CV-4043 | |
| SMITH EQUIPMENT CO., INC. a/k/a Smith Equipment Company, Inc. | DEFENDANT and COUNTER CLAIMANT |
| SMITH EQUIPMENT CO., INC. a/k/a Smith Equipment Company, Inc. | THIRD-PARTY PLAINTIFF and COUNTER DEFENDANT |
| VS. | |
| MARTIN MARIETTA MATERIALS, INC. | THIRD-PARTY DEFENDANT and COUNTER CLAIMANT |
| MARTIN MARIETTA MATERIALS, INC. | CROSS-CLAIMANT and COUNTER DEFENDANT |
| VS. | |
| RIP GRIFFIN TRUCK SERVICE CENTER, INC. | CROSS-DEFENDANT and COUNTER CLAIMANT |

**MEMORANDUM OPINION**

Before the Court is Smith Equipment Co., Inc. a/k/a Smith Equipment Company, Inc.'s ("Smith Equipment") Second Motion for Partial Summary Judgment. (Doc. 69) Rip Griffin Truck Service Center, Inc. ("Rip Griffin") has responded. (Doc. 75) Martin Marietta Materials, Inc. ("MMM") joined Smith Equipment's Second Motion for Summary Judgment and asserted an additional ground for summary judgment. (Doc. 77) The Court will construe MMM's

joinder as a motion for summary judgment. Rip Griffin has responded to MMM's joinder. (Doc. 84) Smith Equipment has filed a reply. (Doc. 92) The Court finds these motions ripe for consideration.

## I. BACKGROUND

This case involves the installation of a parking lot at a truck stop in Prescott, Arkansas. Rip Griffin was the owner of the truck stop and contracted the construction of the parking lot to Smith Equipment. Smith Equipment subcontracted the installation of the hot mix asphaltic portion of the parking lot to MMM. Smith Equipment laid the subbase and base of the parking lot. MMM installed the hot mix asphaltic portion of the parking lot on top of the base.

Rip Griffin opened its truck stop in the spring of 2002. The parking lot began experiencing failures within two months after the truck stop opened. Rip Griffin and Smith Equipment reached an agreement[1] concerning the repairs of the parking lot. Part of the Guideline stated

> [Rip Griffin] or his representative shall make periodic reviews of the process and the condition of the existing [cement treated base] for acceptance of such prior to the placement of any [hot mix asphalt]. [Rip Griffin] or his representative shall monitor all aspects of removal and replacement of [hot mix asphalt] and his recommendations and decisions shall be final.[2]

MMM did not join in the Guideline. Under the Guideline, a representative from Rip Griffin was to be onsite during the repairs, and Rip Griffin's representative, Ken Hancock, was onsite during the repairs. The repairs occurred between September 23, 2003 and November 12, 2003.

---

[1] Doc. 70, Ex. A. Guideline for Pavement Repairs, Rip Griffin Truck Stop, Prescott, AR, ("the Guideline").

[2] *Id.*

2

Hancock, from time to time, certified that various areas of the cement treated base were structurally sound and ready for the application of the tack coat and two hot mix asphalt courses.³

After the repairs, in the summer of 2004, the parking lot again began experiencing failures. Rip Griffin maintains that it incurred expenses when it hired Richardson Paving to re-repair the parking lot in late 2004 and early 2005. Rip Griffin maintains the parking lot is now experiencing a continuation of the 2004 failures. Smith Equipment believes the parking lot is now experiencing a third and distinct set of failures.

Smith Equipment argues Rip Griffin's claims against it for the second set of failures should be dismissed because (1) the claim set forth in Rip Griffin's amended complaint is inadequate, (2) Rip Griffin has not named an expert witness to testify as to the second set of failures, and (3) Rip Griffin approved the work performed by Smith Equipment. MMM argues Rip Griffin's claims against it for the second set of failures should be dismissed because Rip Griffin approved the initial design, which was ultimately responsible for the second set of failures.

## II. DISCUSSION

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, show that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law.

---

³ Doc. 70, Ex. B. Letters dated October 14, 15, 20, 21, 22, 24 and 30, 2003, and November 10, 2003 from Hancock to MMM.

Fed. R. Civ. P. 56(c); *Krenik v. County of Le Sueur*, 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 372 (8th Cir. 1987); *Niagra of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986).

The Court in *Scherr Const. Co. v. Greater Huron Development Corp.*, 700 F.2d 463, 465 (8th Cir. 1983)(quoting, *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981)(emphasis added), a case involving the entry of summary judgment, stated:

> [w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth *specific facts* that raise a genuine issue of fact for trial.

**B.     Rip Griffin's Expert Witness**

Smith Equipment does not believe Rip Griffin has an expert to support a theory of liability against it for the repairs and second set of failures. Hancock testified the cement treated base was not a cause of the second set of failures, the first set of failures was due to the asphalt aggregate and the MC-30, but neither the asphalt aggregate nor the MC-30 caused the second set of failures, and a design defect was responsible for the second set of failures.[4] Rip Griffin's other expert, Carl Garner, testified he did not have an opinion as to the cause of the second set of

---

[4] Doc. 69, Ex. K., pp. 69-70, 73. Deposition of Ken Hancock.

failures,[5] and "could not tell you" what caused the second set of failures.[6] After carefully reviewing the depositions of Rip Griffin's experts, the Court believes Rip Griffin has not produced any evidence to show what caused the second set of failures. It would be impossible to impose liability on Smith Equipment or MMM for the second set of failures without evidence of what caused the second set of failures. Therefore, the Court will grant the motion for partial summary judgment on this ground.

C.      **Rip Griffin's Approval of Smith Equipment's Work**

In construction contracts, an owner may waive the opportunity to hold his contractor liable for defects by accepting the contractor's work. *Griffith Lumber Co. v. Connor*, 255 Ark. 623, 502 S.W.2d 500 (1974). This general rule does not apply to latent defects unless the defect was known by the owner or discoverable by the owner by reasonable inspection, or the owner had a reasonable time and opportunity to discover the defect by due diligence. *Id.*, 255 Ark. at 626-7, 502 S.W.2d at 503. The Guideline called for Rip Griffin, through Hancock, to accept the condition of the cement treated base prior to the placement of hot mix asphalt. Also under the Guidelines, Hancock's recommendations and decisions on the removal and replacement of hot mix asphalt were "final."

Hancock approved the cement treated base prior to the placement of hot mix asphalt. Over the course of about a month, Hancock sent eight letters to MMM certifying various portions of the base were ready for asphalt.[7] These letters show Hancock examined the base and

---

[5] Doc. 92, Ex N, p. 9. Deposition of Carl Garner.

[6] Doc. 75, Ex. L, p. 75. Deposition of Carl Garner.

[7] Doc. 70, Ex. B. Letters dated October 14, 15, 20, 21, 22, 24 and 30, 2003 and November 10, 2003 from Hancock to MMM.

thought it was solid and that the repairs were correctly done.

The Court has found no evidence presented by Rip Griffin that the defects were latent and could not have been discovered by Hancock. Hancock had the opportunity to discover any defects when he inspected the base. While waiver is usually a question for the jury to decide, the Court is comfortable, in this situation, finding Rip Griffin waived any liability for defects by Hancock's acceptance of Smith Equipment and MMM's repair work. The Court also finds Hancock had an opportunity to reasonably inspect Smith Equipment and MMM's repair work and discover any defects. Therefore, the Court will also grant Smith Equipment and MMM's motion for partial summary judgment on this ground. The Court does not need to address the remaining argument for summary judgment, that Rip Griffin's second amended complaint was insufficient to state a claim against Smith Equipment and MMM.

### III. CONCLUSION

For the reasons discussed herein and above, the Court finds Smith Equipment and MMM's Second Motion for Partial Summary Judgment should be and hereby is **granted.** An order of even date shall issue.

IT IS SO ORDERED, this 26th day of August, 2005.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Court