IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| RIP GRIFFIN TRUCK SERVICE CENTER, INC. | PLAINTIFF and COUNTER DEFENDANT |
| VS. Case No. 03-CV-4043 | |
| SMITH EQUIPMENT CO., INC. a/k/a Smith Equipment Company, Inc. | DEFENDANT and COUNTER CLAIMANT |
| SMITH EQUIPMENT CO., INC. a/k/a Smith Equipment Company, Inc. | THIRD-PARTY PLAINTIFF and COUNTER DEFENDANT |
| VS. | |
| MARTIN MARIETTA MATERIALS, INC. | THIRD-PARTY DEFENDANT and COUNTER CLAIMANT |
| MARTIN MARIETTA MATERIALS, INC. | CROSS-CLAIMANT and COUNTER DEFENDANT |
| VS. | |
| RIP GRIFFIN TRUCK SERVICE CENTER, INC. | CROSS-DEFENDANT and COUNTER CLAIMANT |

**MEMORANDUM OPINION**

Before the Court is Smith Equipment Co., Inc. a/k/a Smith Equipment Company, Inc.'s ("Smith Equipment") Third Motion for Partial Summary Judgment. (Doc. 81) Rip Griffin Truck Service Center, Inc. ("Rip Griffin") has responded. (Doc. 85) Smith Equipment has filed a reply. (Doc. 93) The Court finds the motion ripe for consideration.

# I. BACKGROUND

This case involves the installation of a parking lot at a truck stop in Prescott, Arkansas. Rip Griffin owned the truck stop and contracted the construction of the parking lot to Smith Equipment. Smith Equipment subcontracted the installation of the hot mix asphaltic portion of the parking lot to Martin Marietta Materials, Inc. ("MMM") Smith laid the subbase and base of the parking lot, after which MMM applied MC-30 to the parking lot in or around November 2000.

At some point Rip Griffin requested Smith Equipment re-prime the parking lot. Smith Equipment requested a quote from MMM to re-prime the parking lot. On November 6, 2001, MMM wrote Smith Equipment a letter stating, "The price for re-priming the [parking lot] will be $1.50 per gallon. The oil will be applied at .25 gallons per square yard."[1] On November 14, 2001, Smith Equipment faxed Rip Griffin a letter stating, "To re-prime coast the entire truck terminal area only, deducting areas covered by concrete. Total Amount: $28,293.00".[2] The parking lot was re-primed with MC-30 around November 2001. Smith Equipment subcontracted the re-priming to MMM and charged Rip Griffin $28,293.00 for the re-priming. Thereafter, MMM charged Smith Equipment $2,100.00 for "additional prime." Rip Griffin believes Smith Equipment overcharged it for the re-priming job. Smith Equipment argues it made a valid offer to Rip Griffin, which it accepted.

# II. DISCUSSION

The standard of review for summary judgment is well established. The Federal Rules of

---

[1] Doc. 85, Ex. 5. Letter from Edward J. Myslik to Johnny Smith.

[2] Doc. 83, Ex. A. Letter from John W. Smith, Jr. to Don Hayden.

Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, show that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Krenik v. County of Le Sueur*, 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 372 (8th Cir. 1987); *Niagra of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986).

The Court in *Scherr Const. Co. v. Greater Huron Development Corp.*, 700 F.2d 463, 465 (8th Cir. 1983)(quoting, *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981)(emphasis added), a case involving the entry of summary judgment, stated:

> [w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth *specific facts* that raise a genuine issue of fact for trial.

During his deposition, John Smith testified he didn't have any records showing how he calculated the re-prime job, but that he normally applied a 10 or 15 percent markup.[3] Smith also

---

[3] Doc. 85, p. 13.

testified he thought he charged Rip Griffin for approximately 17,000 gallons of MC-30.[4] MMM charged Smith Equipment $2,100.00 for 1,400 gallons of "additional prime."[5] After reading Smith's deposition, it is apparent to the Court genuine issues of material fact exists as to whether $28,293.00 worth of MC-30, including a 15 percent markup, was poured at the truck stop. It is unclear whether the 1,400 gallons of MC-30 were all that was used for the re-priming, or whether the 1,400 gallons were in addition to the approximate 17,000 gallons Smith estimated was needed to re-prime the parking lot. Therefore, the Court will allow Rip Griffin's claim Smith Equipment overcharged it for the re-priming job to proceed to trial.

### III. CONCLUSION

For reasons discussed herein and above, the Court finds Smith Equipment's Third Motion for Partial Summary Judgment should be and hereby is **denied.** An order of even date shall issue.

IT IS SO ORDERED, this 26th day of August, 2005.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Court

---

[4] *Id.* at pp. 15-6.

[5] *Id.* at pp. 17-9.